IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**VINCENT BAISI,**

      **Plaintiff,**

v.                                               **Case No. 3:24-cv-00400**

**TRAVIS HOFFMAN;
HEATHER GRIMMETT;
STATE OF WEST VIRIGNIA,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff's Motion for the Assistance of Counsel. (ECF No. 3). For the following reasons, the Motion is **DENIED**. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") recently discussed the appointment of counsel in civil cases brought by indigent prisoners. *See Jenkins v. Woodard,* 109 F.4th 242 (4th Cir. 2024). The Fourth Circuit reiterated that the provision of counsel is not mandatory in civil cases; rather, district courts have discretion to appoint counsel. However, a district court abuses that discretion if it declines to appoint counsel in a case where "an indigent person presents exceptional circumstances." *Id.,* at *4 (quoting *Whisenant v. Yuam,* 739 F.2d 160 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa,* 490 U.S. 296 (1989)). To determine if exceptional circumstances exist, the district court must conduct a fact specific, two-part inquiry. *Id.* As the Fourth Circuit explained:

> That inquiry requires the court to determine (1) whether the plaintiff has a colorable claim and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff lacks the capacity to

1

> present it. If both questions are answered affirmatively, the case presents exceptional circumstances.

*Id.* (internal markings and citations omitted). Considering the first inquiry, Plaintiff claims that a prosecutor for the State of West Virginia suppressed evidence and manipulated a witness, while a police officer relied on hearsay in preparing a criminal complaint, despite the witness denying the narrative related by the police officer. As a result of these actions, Plaintiff alleges that he was charged with a capital offense and detained without bond. Plaintiff argues that prosecutorial immunity does not protect a prosecutor from misconduct, and the State of West Virginia is liable for hiring the prosecutor. Accepting the allegations in Plaintiff's complaint as true, he likely does not have a colorable claim against the prosecutor and the State of West Virginia due to their immunity. Nonetheless, Plaintiff has a constitutional right not to be maliciously prosecuted or illegally detained; therefore, if the police officer knowingly used false information to secure Plaintiff's arrest and detention, as claimed in the complaint, then Plaintiff has a colorable claim against the police officer. It is too early in the process, however, to determine whether the claim is meritorious.

Examining the second inquiry, the claim is not particularly complex. Whether or not Plaintiff was falsely charged and imprisoned should not be difficult to establish. He has very clearly explained the factual circumstances he experienced and has coherently expressed the nature of his claims. Plaintiff attempts to refute the affirmative defense of prosecutorial immunity, which demonstrates legal knowledge and strategy. Although Plaintiff asserts that he needs the assistance of counsel "to ensure this case is represented most vigorously and thoroughly in its entirety", he has proven himself to be extremely articulate through his various written motions in this case and in other cases he currently

has pending in this Court. Plaintiff certainly does not possess the subjective limitations discussed in the *Jenkins* case. Jenkins suffered from severe mental illness and the record lacked any evidence that Jenkins could competently or coherently present his claims. *Jenkins,* 109 F.4th at 249-50. In contrast, Plaintiff here appears quite capable of presenting his case at this stage of the litigation.

The primary reason given by Plaintiff for the appointment of counsel is that Plaintiff is entitled to counsel. (ECF No. 3 at 1-2). That is not correct. Moreover, "inexperience and incarceration alone do not warrant appointment of counsel." *Id*. at 249. Plaintiff has not offered any exceptional circumstances justifying the appointment counsel, and nothing in the record supports appointment. This Court has previously explained basic procedures to Plaintiff and given him guidance on how to obtain information he seeks. The litigation is limited in scope and is not at a point in its development where Plaintiff has faced difficulties proceeding *pro se*. **Plaintiff is advised**, however, that if the circumstances of the case change (for example, it proceeds to trial), he can renew his request for counsel. But, at this time, he has not demonstrated exceptional circumstances meriting the appointment of counsel.

The Clerk is directed to provide a copy of this Order to Plaintiff.

                                              **ENTERED:** August 20, 2024

Cheryl A. Eifert
United States Magistrate Judge