IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

VINCENT GREGORY BAISI,

        Plaintiff,

v.                              CIVIL ACTION NO. 3:24-0400

TRAVIS HOFFMAN, et al.,

        Defendants.

**MEMORANDUM OPINION & ORDER**

Pending before the Court are the following: (1) Defendant Justice's Motion to Dismiss (ECF No. 22); (2) Defendant Morrissey's Motion to Dismiss (ECF No. 25); (3) Defendant Hoffman's Motion to Dismiss (ECF No. 28); (4) Defendant Grimmett's Motion to Dismiss (ECF No. 32); and (5) Plaintiff's Motion to Amend Complaint (ECF No. 46). These motions were referred to Magistrate Judge Omar Aboulhosn for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff initiated this action on August 5, 2024 and filed his amended complaint on August 21, 2024. He claims entitlement to relief pursuant to 42 U.S.C. § 1983. His complaint states:

> Travis Hoffman suppressed evidence that was favorable to the defendant. The alleged victim texted and also visited him in person and admitted she lied and was never a victim of kidnapping. He also released my jail call information to a witness to try to bolster the witness by enraging them and wanting them to testify against me. Both are acts of misconduct. Brady v. Maryland assures that. He also is acting in bad faith attempting to continue to detain me when his victim has said she is not a victim. Prosecutorial immunity doesn't protect misconduct. Heather Grimmett was the reporting officer. She never had the victim write a statement, just wrote a report on hearsay. The victim has since written an affidavit saying she never said the things Ms. Grimmett said she said in her report. So Sgt. Grimmett wrote a false narrative in the criminal complaint to be able to charge me with a capitol offense

> and detain me without bail. Mr. Hoffman isn't protected under the act of misconduct, withholding evidence, witness tampering, as well as pursing a charge in bad faith knowing a conviction is not possible. The State is liable for hiring Mr. Hoffman and the Governor has been notified that to continue to detain me is illegal based on Aguliar-Romero v. United States.

Compl. at 4-5.

Magistrate Judge Aboulhosn submitted proposed findings of fact and has recommended that the Court grant Defendant Justice's Motion to Dismiss (ECF No. 22), Defendant Morrissey's Motion to Dismiss (ECF No. 25), Defendant Hoffman's Motion to Dismiss (ECF No. 28), and Defendant Grimmett's Motion to Dismiss (ECF No. 32); deny Plaintiff's Motion to Amend Complaint (ECF No. 46); and remove this matter from the Court's docket.

Plaintiff filed his Written Objection for Order to Dismiss (ECF No. 58). He also filed a motion requesting oral argument (ECF No. 59). For the reasons that follow, the Court **DENIES** Plaintiff's objections and **ADOPTS** and **INCORPORATES** the Proposed Findings and Recommendation (ECF No. 54).

## STANDARD

The Court will liberally construe Plaintiff's Complaint and other documents because he is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court is mindful that it "may not construct the plaintiff's legal arguments for him." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). When reviewing objections to the Magistrate Judge's proposed findings and recommendations, this Court is required to make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S. § 636(b)(1). "However, the Court is not required to review, *de novo* or by any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed." *Corr v. Bureau of the*

*Pub. Debt*, 987 F. Supp. 2d 711, 716 (S.D.W. Va. 2013) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

## DISCUSSION

Plaintiff objected to the dismissal of Hoffman on the basis that his actions were not covered by prosecutorial immunity. Magistrate Judge Aboulhosn explained that prosecutors are entitled to absolute immunity for withholding exculpatory evidence, pursuing criminal charges against Plaintiff after the victim recanted, and proceeding with the bond hearing. PF&R at 19-22. Magistrate Judge Aboulhosn concluded: "Even assuming Plaintiff alleged sufficient facts establishing that Defendant Hoffman met with the witness/victim for the purpose of securing false testimony, Defendant Hoffman would be entitled to absolute immunity. *Id.* at 21.

Plaintiff argues that "actions that are not intimately associated with the judicial process, including acts before or after criminal proceedings . . . receive only qualified immunity." Obj. at 2. He further argues that "suppressing known evidence and interviews off the record, as well as text message and phone call conversations all not reported or released makes those actions fall under qualified immunity as it was not actions that specifically involve the prosecutor." Obj. at 2.

Absolute immunity applies to a prosecutor's actions when they are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Other actions are entitled only to qualified immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). "[T]he Supreme Court has distinguished between advocative functions and investigative or administrative functions, holding that the former enjoy absolute immunity but the latter do not." *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *see also Annappareddy v. Pascale*, No. 19-2285, 2021 WL 1603987 (4th Cir. Apr. 26, 2021) (explaining that actions taken by a prosecutor after a probable cause determination are generally advocative functions). "[A]cts undertaken by a

prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley*, 509 U.S. at 273.

Prosecutors are entitled to absolute immunity for presenting false evidence. *See Carter v. Burch*, 34 F.3d 257, 263 (4th Cir. 1994) (holding prosecutor was entitled to absolute immunity where he was accused of conspiring to present false evidence). An out-of-court effort to interview and control a witness's testimony falls within absolute immunity. *Buckley*, 509 U.S. at 272-73. There are a "long line of cases holding prosecutors absolutely immune from claims that they have failed to meet their obligations to disclose exculpatory evidence or material affecting the credibility of a state witness." *Savage v. Maryland*, 896 F.3d 260, 271 (4th Cir. 2018) (internal citation omitted).

Plaintiff alleges that Hoffman did not disclose evidence and had improper conversations with witnesses. Hoffman is entitled to absolute immunity for this conduct. The parties' arguments are sufficiently presented through written pleadings and subsequent filings. *See* ECF Nos. 55-65. The Court **DENIES** Plaintiff's motion requesting oral argument (ECF No. 59).

## CONCLUSION

The Court **DENIES** Plaintiff's objections (ECF No. 58) and Plaintiff's motion requesting oral argument (ECF No. 59). The Court **ADOPTS** and **INCORPORATES** the Proposed Findings and Recommendation (ECF No. 58). The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 12, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE